## ISAAC N. SHEPHERD v. TRUMAN C. GIBBS.

*Bills and notes—Want of consideration—Estoppel.*

In this case defendant is held to have ratified his agreement to pay plaintiff $50 for his assistance in purchasing a piece of land, by failing to repudiate such agreement on the discovery of the alleged misrepresentations of plaintiff, and to tender to him an order on the owner of the land received from plaintiff, and with which defendant had secured his deed.

Error to Isabella. (Hart, J.) Argued February 13, 1891. Decided February 27, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. W. Giddings,* for appellant.

*Dodds & Dodds* and *F. E. Hibbard,* for plaintiff.

MORSE, J. Plaintiff brought suit in justice's court upon the following promissory note:

"50.00.                ST. LOUIS, Mich., Nov. 27, 1883.

"Ninety days after date, for value received, I promise

to pay to the order of William D. Gibbs fifty dollars at the banking-house of Darragh & Co., St. Louis, Mich., with ten per cent. interest after due.

"TRUMAN GIBBS."

The note was duly indorsed by William D. Gibbs. Plaintiff recovered judgment, from which the defendant appealed to the circuit court for the county of Isabella. The circuit judge directed a verdict for the plaintiff for the full amount of the note and interest.

The defense was that there was no consideration for the note. The defendant, to make out his case, introduced testimony tending to show that the note was given in consideration of the plaintiff's assisting him in purchasing a certain piece of land of one Thompson. The plaintiff had business relations with Thompson, and told defendant that he could, by reason of such business relations, purchase the land much cheaper than defendant could, enough so that he could afford to pay him $50 for his services and influence in buying the land. Upon these representations, and the understanding from plaintiff that he could get the land of Thompson for $400, defendant turned out to plaintiff a note for $400 against third parties, not yet due, and received from plaintiff an order to Thompson to give defendant a deed of the land, and charge the purchase price, $400, to plaintiff. Defendant took the order, and went to see Thompson. Before he showed the order to Thompson defendant asked him how much he wanted for the land, and Thompson told him he held it at $400. Defendant, however, presented the order of plaintiff to Thompson, and received his deed upon it. He said nothing to plaintiff about any dissatisfaction with his bargain or his arrangement with plaintiff until after the note became due, when he refused to pay it.

The testimony on the part of the plaintiff showed a

different state of facts, but in our view of the case it is not necessary to set it out.

The circuit judge held that it was the duty of defendant, when he found out from Thompson, before he presented the order of the plaintiff, that he could himself purchase the land for $400, to have repudiated his bargain with plaintiff, and tendered him back his order, and demanded his notes; but failing to do this, and using the order of the plaintiff as so much money with which to purchase the land, he acted upon and ratified his agreement with plaintiff with full knowledge of all the facts in the case, and could not afterwards repudiate it.

The circuit judge was clearly right in his ruling, and the judgment will be affirmed, with costs.

CHAMPLIN, C. J., McGRATH and GRANT, JJ., concurred. LONG, J., did not sit.